# IN THE COURT OF APPEALS OF IOWA

No. 19-1648
Filed January 9, 2020

**IN THE INTEREST OF K.P.,**
**Minor Child,**

**S.P., Father,**
          Appellant.
_____


          Appeal from the Iowa District Court for Pottawattamie County, Eric J.

Nelson, District Associate Judge.


          A father appeals the termination of his parental rights to his minor child.

**AFFIRMED.**


          Roberta J. Megel of State Public Defender Office, Council Bluffs, for

appellant father.

          Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

          Norm Springer, Council Bluffs, attorney and guardian ad litem for minor

child.


          Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

S.P. appeals the termination of his parental rights to K.P., born December 2017.[1] We review termination-of-parental-rights proceedings de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). The juvenile court found the father properly consented to the termination of his parental rights, and it terminated his rights under Iowa Code section 232.116(1)(a) (2019).[2] On appeal, the father asserts his consent was not voluntary and intelligent. Our question on appeal "is whether [consent] was voluntarily and intelligently made when given and there was good cause for [the parent] to desire the termination." *In re T.N.M.*, 542 N.W.2d 574, 577 (Iowa Ct. App. 1995); *accord In re W.O.-P.*, No. 15-0393, 2015 WL 3626203, at *4 (Iowa Ct. App. June 10, 2015) ("The court only had to find that the consent was made voluntarily and intelligently and with good cause in order to find termination appropriate under paragraph (1)(a).").

In March 2019, the father began serving a twenty-year prison sentence for sexual abuse in the third degree he committed against a family member age twelve or thirteen. *See* Iowa Code § 709.4(1)(b)(2). During the termination hearing, he briefly but clearly consented to termination and showed good cause to desire termination:

> FATHER'S COUNSEL: And today you're aware that your daughter cannot be returned to your care; is that correct? A. Yes.

---

[1] The mother filed a notice of appeal, but she did not file a timely petition. *See* Iowa R. App. P. 6.201(1)(b) (requiring a parent to file a petition within fifteen days after filing a notice of appeal for termination of parental rights). Therefore, her appeal was dismissed.

[2] Under section 232.116(1)(a), the court may terminate parental rights if "[t]he parents voluntarily and intelligently consent to the termination of parental rights and the parent-child relationship and for good cause desire the termination."

Q. Okay. And you're consenting to the termination of your parental rights; is that correct? A. Yes.

Q. You're not thrilled about the idea, but you are willing to consent so that [K.P.] can have permanency; is that right? A. Yes, ma'am.

Q. So you are doing what you feel is in her best interest? A. Yes, ma'am.

. . . .

K.P.'S COUNSEL: Do you believe it's in [K.P.'s] best interest that the Court would terminate the parental rights of the mother as well so that [K.P.] could be adopted? A. Yes.

The father's incarceration by itself does not render his consent involuntary or unintelligent. *See In re C.J.*, No. 03-1595, 2003 WL 22701266, at *1 (Iowa Ct. App. Nov. 17, 2003). The fact he changed his mind after termination does not invalidate the earlier consent. *See W.O.-P.*, 2015 WL 3626203, at *4. We find the father properly consented to termination, and we affirm the termination of his parental rights.

**AFFIRMED.**